### No. 431

### KABALA v. PLOSZCZYNSKI

Ohio Appeals, 6th Dist., Lucas Co.

No. 1648. Decided March 8, 1926

**563. FRAUDULENT CONVEYANCES—1.** One is not a purchaser in good faith who has knowledge of circumstances which would put an ordinarily prudent person upon inquiry, and would, if such inquiry were prosecuted with ordinary care and diligence, expose the fraud.

2. This constitutes constructive knowledge of the fraud.

WILLIAMS, J.

Bertha Kabala recovered a judgment against Albert Walczynski and Mrs. Smolinski as damages for personal injuries, in the sum of $4000. Previously Walczynski deeded an undivided one half interest in his property to his wife. After execution was issued and levy

made, Mrs. Walczynski conveyed to Karol Ploszcyczynski for valuable consideration, the property in question.

Kabala instituted an action in the Lucas Common Pleas to set aside the alleged fraudulent conveyance and also the subsequent conveyance to Ploszczynski by Mrs. Walczynski. The Court below found in favor of the defendant Ploszczynski and rendered judgment accordingly. Error was prosecuted and the Court of Appeals held:

1. It clearly appears that the conveyance by Walczynski to his wife was made with actual intent to defraud Kabala of any claim she might have growing out of her personal injury.

2. There is a dispute however, of the defendant's good faith in purchasing the property in question from the fraudulent grantee.

3. One who purchases the land of a fraudulent vendor from a fraudulent vendee for a valuable consideration in good faith and without notice of fraud or of the rights of creditors acquires a title which is good not only as against general creditors, but against a creditor who obtained a judgment against the fraudulent vendor and levied an execution upon that vendor's lands after the fraudulent sale and prior to the bona fide purchase. 51 OS. 56.

4. One is not a purchaser in good faith who has actual or constructive knowledge of the fraud.

5. From the evidence adduced in the instant case it tends to show that the defendant previous to the time he purchased the property, was told he should be careful, that something must be wrong somewhere; that he had knowledge of Kabala's claim for damages and of the conveyance by Walczynski to his wife; and that he was asked to help the Walczynski's in their misfortune.

6. This knowledge and information was sufficient to put an ordinarily prudent person upon inquiry; and the facts disclosed are sufficient to warrant the inference that the inquiry, with the exercise of ordinary care, would have revealed the fraud.

Judgment reversed.

Attorneys—Stanley A. Grzezinski and Chester A. Meck for Kabala; Fritsche, Kruse & Winchester for Ploszczynski; all of Toledo.